IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10982
Summary Calendar
_____

RICHARD ALLEN SWARTZ,

Plaintiff-Appellant,

versus

LAWRENCE KENNEDY, Senior Pastor, ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-2731-T
- - - - - - - - - -
June 12, 1997

Before HIGGINBOTHAM, DUHE' and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard Allen Swartz, Texas inmate #9610-5238, moves for leave to proceed in forma pauperis (IFP) on appeal under the Prison Litigation Reform Act of 1995 (PLRA). The PLRA requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105. As Swartz does not have funds for immediate payment of this fee, he is assessed an initial partial filing fee of $57.17, in accordance with 28 U.S.C. § 1915(b)(1).

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Following payment of the initial partial filing fee, funds shall
be deducted from Swartz's prisoner account until the full filing
fee is paid.  See § 1915(b)(2).

IT IS ORDERED that Swartz pay the appropriate initial filing
fee to the Clerk of the District Court for the Northern District
of Texas.  Swartz shall authorize the appropriate prison
authorities to withdraw this fee from his trust fund account in
accordance with their policy and local procedures and to forward
the fee to the Clerk of the District Court for the Northern
District of Texas.  IT IS FURTHER ORDERED that the agency having
custody of Swartz's inmate account shall collect the remainder of
the $105 filing fee and forward for payment, in accordance with
§ 1915(b)(2), to the Clerk of the District Court for the Northern
District of Texas each time the amount in Swartz's account
exceeds $10, until the appellate filing fee is paid.

Swartz challenges the district court's dismissal of his
complaint for failure to state a claim for which relief can be
granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  He argues that the
court erred by failing to consider his attempts to amend his
complaint and analyze the complaint for claims pursuant to 42
U.S.C. §§ 1985, 2000-bb; the Uniform Commercial Code; the tort of
fraud; and the First and Fifth Amendments.  Even if the court had
considered the allegations in light of these possible causes of
action, no harm ensued.  We have carefully reviewed the appellate
record, and we conclude that Swartz's asserted claims are legally

frivolous because they have no arguable basis in federal law. They also fail to state a claim for which relief can be granted.

This appeal is frivolous and is therefore DISMISSED.  <u>See</u> 5th Cir. R. 42.2.  We note the warning given to Swartz in the related appeal, <u>Swartz v. Texas Bd. of Pardons & Paroles</u>, No. 96-11047 (5th Cir. _____, 1997), concerning the consequences of future frivolous appeals.  Swartz's remaining motions are hereby DENIED.

APPEAL DISMISSED.  IFP GRANTED.  INITIAL PARTIAL FILING FEE ASSESSED. OTHER MOTIONS DENIED.